## Case No. 6,196a.

### HASKINS v. HARDING et al.

[7 West. Jur. 622.]

Circuit Court, E. D. Missouri. 1873.

CORPORATIONS—LIABILITY OF STOCKHOLDERS—LIMITATIONS.

Where by statute a special and particular remedy is provided against stockholders in favor of creditors for the debts of the corporation, the remedy thus given is exclusive of all the remedies, legal and equitable, and must be pursued. The limitation upon the remedy provided by the statute, will bar a proceeding by the creditor by bill in equity to compel the stockholder to pay up his unpaid subscription.

[This was a suit by a judgment creditor against the stockholders of a manufacturing corporation to recover the amount of their unpaid subscriptions to the stock. A motion for execution had previously been denied. Case No. 6,196. Heard on demurrer to the answer.]

Before DILLON, Circuit Judge, and TREAT, District Judge.

TREAT, District Judge. The bill discloses that a corporation, of which defendants were stockholders, was a manufacturing corporation, formed under chapter 69 of Revised Statutes of Missouri. It seeks to charge said stockholders to the extent of their unpaid subscriptions to the stock, for the judgment debt recovered by the corporation in this

court, in 1870. The answer sets out that the note on which the judgment was recovered, became due June 27, 1867, and that the suit here was brought September 18, 1869. The demurrer to the answer presents two questions: one as to the general equities under the facts stated, as to the condition and acts of the plaintiff and stockholders in the organization and proceedings of the corporation and its stockholders, and the other as to the provisions of the state statute applicable to manufacturing corporations. The general proposition, as heretofore held in this case, is true, that the unpaid subscriptions to stock are in equity a trust fund for the benefit of creditors of a corporation, which equity may lay hold of. Such was the unquestionable rule, independent of statutory requirements; but when the statute creating a corporation, or under which it is organized, prescribes a specific mode of enforcing liabilities upon unpaid subscriptions, and limits the time in which suits may be brought against stockholders for debts due by the corporation, is the remedy confined or limited by the statute? It is on this point that the court has hesitated. Counsel did not aid the court by referring to, or producing any of the decisions of the many state courts wherein the point has been considered. A provision similar to that in the Missouri statute, and involving the principle to be determined, exists in several states whose courts have been requested to pass upon the proposition. In the Massachusetts Statutes there are several provisions, concerning the liabilities of officers and stockholders, under differing circumstances, with marked differences between manufacturing and other corporations. By section 30 of chapter 38 of the Massachusetts act—when stockholders of a manufacturing corporation are liable for the debts of the company—their persons or property may be taken therefor on attachment or execution issued against the company, in the same manner as on writs or executions against them for individual debts. Section 31 of said act authorizes the creditor, instead of proceeding under the preceding section, or section 29, to have his remedy by bill in equity. The act (section 16) provides that all the members of such a corporation shall be jointly and severally liable for all debts of the company until the whole amount of the capital stock shall have been paid in, and a certificate thereof made out and recorded. On those provisions the courts of that state have held "that individual liability of stockholders in manufacturing corporations was one of a particular and limited character, or to be enforced only in the mode and by the use of the particular remedy named in the statute." 4 Allen, 235. "In Gray v. Coffin, 9 Cush. 199, it is said that this individual liability is one depending upon provisions of positive law, and is to be construed strictly." In Erickson v. Nesmith, 4 Allen, 236, it is held with reference to this class of statutes that "when

the statute confers a right and prescribes a remedy, that particular remedy, and that only can be pursued." The various decisions in 4 Allen, 239, 396, 577, show with what technical rigor the statutory provisions have been interpreted.

In that and other states, where, as in Missouri, summary or specified modes of proceeding against stockholders or officers of a corporation, for debts of the corporation, are prescribed by the statute, and discriminations as to the modes of proceeding are made between stockholders and officers of manufacturing and other corporations, the general doctrine, as laid down by the courts, is that the modes prescribed are exclusive of all other. It seems not in accordance with general equity principles pertaining to corporations which maintain that stockholders who have not paid up their subscriptions, shall be charged with the amount unpaid thereon for the benefit of the corporate creditors, as having practically in their hands a trust fund applicable to corporate debts. But, under chapter 69, as to manufacturing corporations, no specific mode of enforcing the creditors' rights is prescribed, and therefore a suit in equity may be proper within the limit as to the time named for bringing the same. An examination of the authorities shows that where state statutes have given the same, or more summary remedies against the stockholders, and have prescribed limitations as to the time of pursuing the remedies, the courts hold that the statutory limitations and remedies were designed to and must prevail, notwithstanding the previously existing remedies in equity; in other words, that the statutes, instead of giving new and cumulative, have presented exclusive remedies, and fixed to them positive limitations. Chapter 69 of the Missouri Revised Statutes (section 13) is in these words: "No stockholder shall be personally liable for the payment of any debt contracted by any company formed under this chapter, which is not to be paid within one year from the time the debt is contracted, nor unless a suit for the collection of such debt shall be brought against such company within one year after the debt shall become due," etc. By the general corporation act (chapter 92, § 11), the execution to be issued thereunder, in cases to which the same applies, is against any stockholder, "to an extent equal in amount to the stock by him or her owned, together with any amount unpaid thereon." The summary remedy therefore included unpaid subscriptions, as well as the double liability then existing; both were placed on the same footing, and subject to the same rules. If, then, the statutory modes of proceeding are exclusive of all former remedies in law and equity, and are subject to the limitations prescribed, the answer in this case is a complete defense under the statute, because the suit was not brought within the time limited.

There is another attempted defense not set

out with sufficient distinctness, viz: That the plaintiff entered into an arrangement for the formation of this company upon the basis of 12½ per cent. paid up capital, with a view of giving moneyed value to his patent, and induced these stockholders to enter upon such an arrangement for his benefit, whereby he betrayed them into heavy losses, to his great gain, and now seeks to secure further inequitable and unconscientious advantages. As that defense is not fully set forth, it is not passed upon. It is ruled on this demurrer that, as the answer shows that the manufacturing company against which judgment was had, was not sued until more than one year after the debt was due on which suit was brought and judgment had, the creditors' right of action against the stockholders is lost. Demurrer overruled.